GRIFFIS, J.,
DISSENTING:
¶ 5.1 am of the opinion that the chancellor abused her discretion in the amount of attorney’s fees and expenses awarded. Phyllis was entitled to an award of attorney’s fees. She introduced sufficient evidence to satisfy the necessary factors required by McKee v. McKee, 418 So.2d 764 (Miss.1982). Jerrell failed to rebut her evidence or establish that the fees requested were unreasonable. Therefore, I disagree with the majority’s finding that the chancellor’s award of $1,500 in attorney’s fees was proper and sufficient. I would reverse and render a judgment in favor of Phyllis for the full amount requested, together with an award of attorney’s fees incurred in this appeal.
¶ 6. To award attorney’s fees in a contempt matter, trial courts must first consider whether there was a contempt or willful violation of the court’s order. Purvis v. Purvis, 657 So.2d 794, 796-97 (Miss.1994). If so, the chancellor must determine what relief is necessary to remedy the violation. Id.
¶ 7. Attorney’s fees are properly awarded if a party is found in contempt. Rogers v. Rogers, 662 So.2d 1111, 1116 (Miss.1995). We have also held that, where a court does not find one party in contempt, attorney’s fees are also properly awarded if the party requesting contempt “gains enforcement of a previous support order.” Russell v. Russell, 724 So.2d 1061, 1066(¶ 24) (Miss.Ct.App.1998).
¶ 8. Here, the majority fails to find Jer-rell in contempt. The majority affirms an award of attorney’s fees but opines that “we must reinforce that the chancellor did not specifically find Jerrell to be in contempt.” Yet, the majority fails to state any legal basis to sustain the award. The language used in the chancellor’s judgment simply disputes this conclusion. There was a finding by the chancellor that Jerrell was in contempt, and this was the basis for the award.
¶ 9. Jerrell and Phyllis agreed to a judgment of divorce on the grounds of irreconcilable differences. The final judgment incorporated a property settlement agreement, wherein Jerrell voluntarily and affirmatively obligated himself to tender payment in the sum of $500,000 to Phyllis on or before January 10, 2002. Jerrell did not make the payment in a timely manner. In fact, before the due date of the payment, Jerrell advised Phyllis that he was not in a “cash position” to make the payment. Subsequently, after the motion to compel was filed, Jerrell made the payment in two separate installments.
¶ 10. There is no dispute that Jerrell was in willful violation of the court’s judgment. Phyllis had no alternative but to pursue the court’s enforcement of the judgment and to compel Jerrell’s immediate compliance. The chancellor’s judgment found Jerrell in contempt when she held:
The court finds that the defendant fully purged himself of contempt of court by paying in full the installment payment of lump sum alimony on May 25, 2002.
The conclusion that one is in “contempt” is vital to and inherent in the chancellor’s finding that one has “purged” (or relieved) himself of contempt.
¶ 11. A citation for contempt is determined upon the facts of each case and is a matter for the trier of fact. Milam v. Milam, 509 So.2d 864, 866 (Miss.1987). A citation of contempt is proper when “the contemner has willfully and deliberately ignored the order or the court.” Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss.1997).
¶ 12. Phyllis eventually received her payment, albeit several months late, and *385 only asked the chancellor to make her whole for Jerrell’s contumacious conduct. Phyllis presented substantial credible evidence to support the finding that Jerrell had willfully and deliberately ignored the court’s order. Jerrell offered no defense or evidence to excuse his failure to make the payment. The chancellor may have used imprecise language in her judgment. However, it is readily apparent in the judgment that the chancellor found Jerrell in contempt.
¶ 13. The majority and I both agree that an award of attorney’s fees and expenses was appropriate. My dissent, however, is based on the amount of the award. The majority concludes that the chancellor was within her discretion awarding attorney’s fees and expenses of $1,500. There is absolutely no evidence to support this award. I am mindful that there are a number of cases that tend to relax the necessity of strict adherence to the McKee factors. See Mitchell v. Mitchell, 823 So.2d 568, 573(¶ 23) (Miss.Ct.App.2002); Wells v. Wells, 800 So.2d 1239, 1246(¶ 18) (Miss.Ct.App.2001). However, where a party presents substantial, credible and uneontradicted evidence that satisfies the McKee factors, the chancellor may not simply disregard the actual amount of fees and expenses incurred.
¶ 14. At the hearing, Phyllis and her attorney, Dan Fairly, testified. The evidence consisted of the basis for employment of an attorney and Fairly’s statements for legal services rendered, totaling $9,948.12 in fees and expenses. Jerrell’s attorney cross-examined Fairly about only seven entries, implying that they were for services unrelated to the motion for contempt. The amount of the fees that were questioned totaled $1,813. Fairly testified that the time spent on the questioned entries were related to the prosecution of the motion. Jerrell offered no evidence to rebut Fairly’s testimony on the questioned entries. The chancellor’s order stated no reason or basis for the amount of the award.
¶ 15. The award of attorney’s fees is entrusted to the sound discretion of the trial court. Mizell v. Mizell, 708 So.2d 55, 65(¶ 56) (Miss.1998). “We are reluctant to disturb a chancellor’s discretionary determination whether or not to award attorney fees and the amount of award.” Smith v. Smith, 614 So.2d 394, 398 (Miss.1993). However, the chancellor’s discretion is not absolute or without limitation in such award. Stargell v. White, 234 Miss. 601, 609, 107 So.2d 125, 127 (1958).
¶ 16. In McKee, the supreme court established certain factors that are to be considered by a chancellor in the award of attorney’s fees.
In determining an appropriate amount of attorneys fees, a sum sufficient to secure one competent attorney is the criterion by which we are directed. The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
Id. at 767. The court cautioned chancellors against basing awards on estimates:
We think it is not the best -practice to estimate the time expended as the basis for a fee as the approximation is more susceptible to error, and thus more suspect than properly maintained time records. Estimates, however, can properly be considered by the court but the attorney who does so should have a clear *386 explanation of the method used in approximating the hours consumed on a case. We are also of the opinion the allowance of attorneys fees should be only in such amount as will compensate for the services rendered. It must be fair and just to all concerned after it has been determined that the legal work being compensated was reasonably required and necessary.
Id. (emphasis added).
¶ 17. In a contempt proceeding, the trial court has the discretion to award reasonable attorney’s fees to make the plaintiff whole and to reinforce compliance with the judicial decree. Hinds County Bd. of Supervisors v. Common Cause of Miss., 551 So.2d 107, 125 (Miss.1989). One of the reasons for awarding attorney’s fees is to compensate the prevailing party for losses sustained by reason of the defendant’s noncompliance. Id. The power to award an appropriate attorney’s fee serves to make the plaintiff whole. Rogers v. Rogers, 662 So.2d 1111, 1116 (Miss.1995).
¶ 18. Here, Phyllis presented sufficient evidence to satisfy the McKee factors and to substantiate an award of attorney’s fees and expenses in the sum of $9,948.12. Where substantial credible evidence is presented to support an award of attorney’s fees, the chancellor may not ignore the evidence and arbitrarily award an amount that has no relationship to the evidence. Hensarling v. Hensarling, 824 So.2d 583, 593(¶ 29) (Miss.2002). We have previously held that we must reverse and render an award of attorney’s fees where there is no evidence presented in support of such award. See Carpenter v. Carpenter, 519 So.2d 891 (Miss.1988) ($2800 award reversed and rendered where not justified by the evidence); Bumgarner v. Bumgarner, 475 So.2d 455 (Miss.1985) ($2000 award reversed and remanded because there was practically no evidence presented as to the McKee factors). I am of the opinion that the opposite is also true. We must reverse and render an inadequate award of attorney’s fees where there is sufficient evidence to support a substantially larger award.
¶ 19. The failure to award an appropriate amount of attorney’s fees diminishes the force of the court’s judgment and the ability to enforce its obligations in the future. The integrity of the court’s order is maintained only through the full and complete enforcement of its judgment. This is not a contempt action over a couple of hundred dollars. Jerrell, a man of substantial means, agreed to make a substantial payment to Phyllis and was aware of the upcoming deadline. It was up to Jer-rell to meet his obligations. His failure to make a timely payment was a conscious and deliberate action. To enforce this obligation, Phyllis spent almost nine months and $9,948.12 to compel Jerrell to do what he agreed to do and what the court had ordered him to do. The chancellor awarded Phyllis slightly more than 15% of her total attorney’s fees and expenses incurred.
¶ 20. If this were a collection action between parties not formerly married, this Court and many other courts would not hesitate to award attorney’s fees and expenses in an amount far greater than that requested here by Phyllis. By allowing such an inadequate award to stand, this Court encourages Jerrell, and others similarly situated, to make tardy payments in the future. This Court cannot, and should not, sanction such willful and deliberate violation of a court order.
¶ 21. Here, there was no dispute as to the reasonableness of the attorney’s fees and expenses incurred by Phyllis, the accuracy of the time entries, or that any portion of the claimed amount was not directly or indirectly related to the prose *387 cution of the motion for contempt. Therefore, I would reverse the chancellor’s award of $1,500 in attorney’s fees and render a judgment in favor of Phyllis for an award of attorney’s fees and expenses in the amount of $9,948.12. Further, I would award Phyllis attorney’s fees and expenses incurred in prosecuting this appeal in the amount of $4,974.06, which is one-half of $9,948.12. See Broome v. Broome, 832 So.2d 1247, 1256(¶ 33) (Miss.Ct.App.2002); Grant v. Grant, 765 So.2d 1263, 1268(¶ 19) (Miss.2000).
SOUTHWICK, P.J., BRIDGES AND CHANDLER, JJ., JOIN THIS SEPARATE WRITTEN OPINION.