953 So.2d 1139 (2007)
Michael KELLEY, Appellant
v.
Roberta C. KELLEY, Appellee.
No. 2005-CA-01678-COA.
Court of Appeals of Mississippi.
April 10, 2007.
*1140 Damon Scott Gibson, attorney for appellant.
Thomas Wright Teel, Biloxi, attorney for appellee.
Before MYERS, P.J., CHANDLER and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. This appeal is taken from the judgment of the Chancery Court of the First Judicial District of Harrison County, in which the chancellor ordered Michael L. Kelley to repair the marital home, declared certain personal property abandoned, and awarded said property and attorney's fees to Roberta C. Kelley. Roberta Kelley (Comeaux) has since the divorce, remarried. Kelley contends that the chancellor erred in modifying the parties' property settlement agreement so as to order Kelley to bear the costs of repair to the former marital home and in awarding title of certain personal property to Comeaux. He further asserts error in the award of attorney's fees to Comeaux. We agree that the chancellor was without authority to modify the property settlement agreement and therefore reverse and render the order in part; the award of attorney's fees to Comeaux and all other aspects of the order are affirmed.

STATEMENT OF THE CASE
¶ 2. In December of 2000, Kelley and Comeaux divorced, ending a twelve year marriage of which two children were born. *1141 The parties entered into a property settlement agreement[1] as part of their irreconcilable differences divorce, which was presented to the court for its approval and merged into the judgment of divorce. The property settlement agreement divided personal and real property between the parties and addressed other matters not at issue in this appeal, such as custody and maintenance. The parties agreed to retain joint title to the former marital home that the parties built in Gulfport, Mississippi, and Kelley was to bear financial responsibility for the mortgage note. Comeaux, however, was granted exclusive use and possession of the home until the parties' youngest child became emancipated or until Comeaux remarried. Upon the occurrence of either of these conditions, the parties agreed to allow one to purchase the other's remaining interest in the home or to sell the house and divide the resulting equity equally. The terms of the parties' settlement agreement provided that Kelley bear the costs of repairs to the septic system and bear one-half the costs of the extraordinary repairs to the home, to the extent of necessary, non-routine repairs to the plumbing, electrical, air conditioning, and heating systems. Additionally, the parties agreed that Kelley was granted use, possession and title to a 1979 Corvette automobile.
¶ 3. In February of 2003, Kelley sought modification of his child support obligations, basing his petition on his reduction in income. Comeaux answered the petition, moved the court to find Kelley in contempt and for other relief, and counterclaimed, seeking modification of the divorce decree. In Comeaux's motion for modification of the divorce decree, she requested relief in the form of payments toward a new home, alleging the former marital home to be uninhabitable. She also sought title to the 1979 Corvette, which the court had awarded to Kelley, but which had been stored at the former marital home since the divorce. Subsequent to the divorce, it was discovered that the former marital home's foundation had been deteriorating, and as a consequence, further problems had developed which rendered the home uninhabitable. During the pendency of this litigation, Comeaux remarried, therefore ripening the provision of the settlement agreement that allowed the parties to purchase each other's interest or to place the house on the market for an equal division of the equity. However, due to the home's state of disrepair, restoration would be required before the parties could sell the property for anything close to market value.
¶ 4. Hearings were held on the matters during two different days in 2004, and the chancellor issued his order disposing of several issues and granting relief to both parties. Kelley's child support obligations were modified due to a material change in circumstances of his losing his previous employment and resulting reduction of income, and Comeaux's request to find Kelley in contempt was denied. The chancellor granted Comeaux's request for modification of the property settlement agreement, and ordered Kelley to repair the former marital home in preparation for an appraisal for resale. The chancellor also awarded title of the 1979 Corvette to Comeaux, deeming the vehicle abandoned. Additionally, the chancellor granted Comeaux's request for attorney's fees. Kelley now takes issue with the order of the chancellor, asserting error in the following:
I. THE CHANCELLOR ERRED WHEN HE MODIFIED THE *1142 PARTIES' PROPERTY SETTLEMENT AGREEMENT AS CLARIFIED BY THE AGREED MODIFICATION/CLARIFICATION OF JUDGMENT OF DIVORCE TO REQUIRE KELLEY TO PAY FOR REPAIRS TO THE HOUSE;
II. THE COURT'S FINDING THAT AT THE TIME OF THE DIVORCE THE FULL EXTENT OF THE DAMAGE TO THE HOME WAS NOT KNOWN BY THE PARTIES DOES NOT SUPPORT THE COURT'S REFORMATION OF THE PARTIES' PROPERTY SETTLEMENT AGREEMENT ENCOMPASSED BY THE JUDGMENT OF DIVORCE AND AGREED MODIFICATION/CLARIFICATION OF JUDGMENT OF DIVORCE;
III. THE COURT'S FINDING THAT KELLEY UTILIZED POOR DESIGN AND CONSTRUCTION IN THE BUILDING OF THE HOUSE AND IS THEREFORE RESPONSIBLE FOR THE HOME NOT BEING HABITABLE IS CONTRARY TO THE EVIDENCE;
IV. THE CHANCELLOR'S DECLARATION THAT KELLEY ABANDONED HIS PERSONAL PROPERTY, INCLUDING HIS CORVETTE AUTOMOBILE, IS NOT SUPPORTED BY EVIDENCE; AND
V. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY'S FEES TO COMEAUX.
¶ 5. We find that the trial court was without authority to modify the parties' property settlement agreement made part of their judgment of divorce without basing the modification on an applicable ground. Further, we find the court erred by deeming the 1979 Corvette abandoned and awarding title to Comeaux. We, therefore, vacate the order relating to these issues, but affirm the award of attorney's fees to Comeaux and chancery court's order in all other respects.

DISCUSSION
I., II., III., IV. CHANCELLOR'S MODIFICATION OF THE PARTIES' PROPERTY SETTLEMENT AGREEMENT ORDERING KELLEY TO MAKE ALL REPAIRS TO THE FORMER MARITAL HOME AND AWARDING TITLE OF THE 1979 CORVETTE TO COMEAUX
¶ 6. Kelley's first four issues cited for review concern the chancellor's modification of the parties' judgment of divorce and incorporated property settlement agreement; we, therefore, address the issues together.

STANDARD OF REVIEW
¶ 7. "Our scope of review in domestic relations matters is limited by our familiar substantial evidence/manifest error rule." Ivison v. Ivison, 762 So.2d 329, 333(¶ 10) (Miss.2000). "This Court will not disturb the findings of a Chancellor unless the Chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990). In other words, "[o]n appeal [an appellate court] is required to respect the findings of fact made by a chancellor supported by credible evidence and not manifestly wrong." Newsom v. Newsom, 557 So.2d 511, 514 (Miss.1990).

ANALYSIS
¶ 8. Comeaux asserts that the chancellor's modification of the divorce decree as *1143 to the provisions concerning the repairs of the marital home was premised upon a finding of the parties' mutual mistake of fact and therefore within his authority. However, Kelley argues that the chancellor exceeded his authority in modifying the divorce decree and ordering Kelley's specific performance to repair the damage to the former marital home. Kelley further argues that the chancellor's award of the title to the 1979 Corvette to Comeaux was inconsistent with the parties' divorce settlement agreement.
¶ 9. Property settlement agreements entered into by divorcing parties and incorporated into the divorce decree are not subject to modification, except in limited situations. Townsend v. Townsend, 859 So.2d 370, 376(¶ 21) (Miss.2003). These types of agreements are "fixed and final, and may not be modified absent fraud or contractual provision allowing modification," Weathersby v. Weathersby, 693 So.2d 1348, 1352 (Miss.1997), or when there has been a mutual mistake of fact occurring in the drafting of the instrument, Ivison, 762 So.2d at (¶ 21). "A true and genuine property settlement agreement is no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character." East v. East, 493 So.2d 927, 931-32 (Miss.1986). "[W]hen parties in a divorce proceeding have reached an agreement that a chancery court has approved, we will enforce it, absent fraud or overreaching, and we take a dim view of efforts to modify it just as we do when persons seek relief from improvident contracts." Ivison, 762 So.2d at (¶ 14) (citing Bell v. Bell, 572 So.2d 841, 844 (Miss. 1990)).
¶ 10. In this case, the parties entered into a court-approved contract regarding the disposition of their marital property which included provisions regarding their former marital home and the 1979 Corvette. While chancery courts have the power to modify various provisions of a property settlement agreement incorporated into a judgment of divorce where fraud exists or a mutual mistake of fact has occurred in the drafting of the instrument, neither of those conditions are evident in the case sub judice. Ivison, 762 So.2d at (¶ 21). Neither party asserts fraud or that an error occurred in the drafting of the property settlement agreement.
¶ 11. In the opinion of Ivison, the supreme court found that a chancellor erred in modifying a divorce agreement on his own accord. 762 So.2d at (¶ 18). In that case, the divorcing parties had not discussed or been aware of mortgage payments' tax consequences when making the divorce settlement agreement. Because neither party was aware of the potential tax problem, the supreme court reasoned that the error in the contract could only be attributed to the making of the contract and not the drafting of the contract. The supreme court held that a court can only reform contracts to correct errors made due to faulty drafting, and cannot correct errors made by the parties in the formation of the contract, especially if neither party is aware of the error. Id. at (¶ 22).
¶ 12. Much like the case of Ivison, here, neither party claims that they knew of the former marital home's foundation deterioration when they entered into their property settlement agreement. Therefore, it follows that neither Kelley nor Comeaux can assert a drafting error concerning such a provision within their agreement regarding the home's foundation. If an error was made by the parties, the error was made in the making of the contract, not in the drafting of the contract. The chancery court had no basis to reform the contract where the error *1144 resulted from the parties' formation. Therefore, we must reverse the chancellor's decision to reform the contract. The chancellor had no authority to reform the parties' settlement agreement ordering Kelley to make repairs to the former marital home and awarding title of the 1979 Corvette automobile to Comeaux.
V. AWARD OF ATTORNEY'S FEES
¶ 13. The lower court awarded attorney's fees to Comeaux and Kelley now argues that the chancellor erred in ordering this award because Comeaux did not show her requisite inability to pay. Comeaux argues that the award of attorney's fees was consistent with the facts and the law, and that the decision fell within the discretion of the chancery court.
¶ 14. An award of attorney's fees in domestic cases is largely a matter entrusted to the sound discretion of the trial court. Poole v. Poole, 701 So.2d 813, 819(¶ 26) (Miss.1997). Absent an abuse of discretion, the chancellor's decision in such matters will generally be upheld. Armstrong v. Armstrong, 618 So.2d 1278, 1282 (Miss.1993). However, attorney's fees are not generally awarded unless the party requesting the fees has established an inability to pay. Dunn v. Dunn, 609 So.2d 1277, 1287 (Miss.1992). Our review of the record shows that ample testimony was presented at the hearings on the contempt and modification matters establishing that Comeaux was without ability to pay. While there were no direct questions asked of Comeaux, by Kelley, as to her ability to pay the attorney's fees, Comeaux's financial status was explored. Testimony and exhibits were presented showing the court that Comeaux earned a significant amount less than Kelley, she was without financial ability to pay her attorney, she had begun selling her furniture, she did not own any assets of worth and that she had filed bankruptcy. While there is no steadfast requirement that one must show an absolute inability to pay attorney's fees before an award can be granted, Comeaux's inability to pay was sufficiently demonstrated to the court. Based on our review of the record before us, we cannot say that it was error for the chancellor to award attorney's fees to Comeaux.

CONCLUSION
¶ 15. The portion of the decision of the chancery court ordering Kelley to make repairs to the former marital home and awarding title of the 1979 Corvette to Comeaux is reversed and rendered. The award of attorney's fees to Comeaux is affirmed.
¶ 16. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS REVERSED AND RENDERED IN PART AND AFFIRMED IN PART CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE TO BE DIVIDED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.
IRVING, J., Concurring in Part, Dissenting in Part:
¶ 17. I agree with the majority on all issues except issue five: the award of attorney's fees. On this issue, I agree that some attorney's fees should have been granted. However, I disagree as to the amount of the award. Therefore, I respectfully dissent. I would reverse and remand on the issue of attorney's fees.
*1145 ¶ 18. The majority finds that the chancellor did not err in awarding $5,000 in attorney's fees to the Appellee, Roberta C. Kelley, even though she did not prevail here on any of the issues which she had successfully pursued in the trial court and which formed the basis for the award of attorney's fees. While I agree that it was appropriate for the chancellor to award Roberta some attorney's fees, I cannot agree that she should have been awarded $5,000. Had she been successful here, I would agree that the $5,000 award of attorney's fees granted her by the trial court should be affirmed. I briefly state the relevant facts undergirding my view.
¶ 19. Michael Kelley and Roberta obtained a divorce on the ground of irreconcilable differences. The judgment of divorce granted custody of the parties' minor children to Roberta and ordered Michael to pay a specified amount of child support. A little over two years later, Michael sought a reduction in his child support obligation because of a reduction in his income. Roberta responded by filing a motion for citation for contempt and for modification of the judgment of divorce. The chancellor denied Roberta's motion but granted a modification, reducing Michael's child support obligation.
¶ 20. The record reflects that Roberta's attorney billed her $4,217.50 as attorney's fees and $505.25 as costs, for a total of $4,722.75. This amount covered the attorney's services for defending against the modification action brought by Michael, as well as prosecuting the separate actions brought by Roberta, that is, the modification and contempt actions.
¶ 21. As stated, Roberta was unsuccessful in her attempt to modify the judgment of divorce and to have Michael held in contempt. Although unsuccessful in achieving the scope of her separate actions, Roberta was partially successful in that the chancellor did order Michael to make some payments and comply with certain terms that had been ordered in the original judgment of divorce. Therefore, I think Roberta was entitled to some attorney's fees which should be determined by the chancellor on remand in accordance with a proper application of the McKee factors.[2] I do not think, however, that she should be awarded any attorney's fees for her unsuccessful effort to obtain a modification. On the contempt issue, she was partially successful and should be given some attorney's fees.
¶ 22. For the reasons presented, I would reverse and remand for a reconsideration of the attorney's fees.
NOTES
[1] The parties agreed to modify the initial property settlement agreement, adding terms regarding maintenance of the former marital home.
[2] McKee v. McKee, 418 So.2d 764, 767 (Miss. 1982).