# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01139-COA

**DARRYL EUGENE McCREARY II**                                   APPELLANT

**v.**

**BRITTANY FLIPPO McCREARY**                                     APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/10/2024 |
| TRIAL JUDGE: | HON. CATHERINE FARRIS-CARTER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JAMIE FERGUSON LEE BETHANY ANN TARPLEY KATHERINE MAYO PORTNER |
| ATTORNEYS FOR APPELLEE: | A. E. (RUSTY) HARLOW JR. KATHI CHRESTMAN WILSON |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND RENDERED - 06/09/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., LAWRENCE AND EMFINGER, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Brittany Flippo McCreary and Darryl Eugene McCreary II divorced due to irreconcilable-differences and attached a mutual, negotiated agreement for matters including their children and property. A few months later, Darryl filed a petition for modification and contempt, alleging changed circumstances and requesting attorney's fees. Brittany responded with a counterclaim for contempt against Darryl, also requesting attorney's fees. Following resolution of both motions, with neither party being held in contempt, the chancellor ordered Darryl to pay Brittany's attorney's fees. Aggrieved, Darryl appeals. After review, we reverse and render the chancellor's decision awarding Brittany attorney's fees.

**FACTUAL BACKGROUND**

¶2.     On March 14, 2023, Darryl and Brittany McCreary were granted an irreconcilable-differences divorce in the Bolivar County Chancery Court. The parties had also submitted an agreement that addressed "separation, child custody, child support, and property settlement[.]" In relevant part, the parties agreed to share joint legal and physical custody of their two children. The chancellor found the parties' agreement was adequate and sufficient.

¶3.     On June 27, 2023, Darryl filed a petition for modification and contempt against Brittany. Darryl argued modification of custody was necessary because Brittany's boyfriend—who had exhibited concerning behavior in regard to both himself and others—had moved in with Brittany and the minor children. Darryl also alleged that Brittany had filed a fraudulent insurance claim on the marital home. Finally, he requested attorney's fees.

¶4.     On July 19, 2023, Brittany filed an answer to the petition and a counterclaim for contempt and modification. She alleged that Darryl was in contempt of their agreement because he had "failed to comply with the provisions relating to the prior marital residence" and asked that she be granted custody of the children. On October 17, 2023, Brittany filed a motion to compel Darryl's responses to interrogatories and requests for the production of documents and also requested attorney's fees and expenses.

¶5.     On April 16, 2024, the chancellor held a hearing on the motions for contempt and modification at which Darryl and Brittany both provided testimony. Of particular note, the chancellor stated the following:

[T]he [c]ourt is pleased at this point that whatever problems or issues/concerns that the parties were having regarding their children, they were able to get that worked out and we didn't have to litigate that. . . . [I]t's helpful to the children when the parents can talk about something and resolve that they do not have to fully litigate something, so I appreciate that, but by the same token, I would be of the opinion that [Brittany] is, in fact, due some attorney's fees because we can't have it both ways. . . . So **that's why the [c]ourt will be saying there will be some attorney's fees because I believe this was a matter that the parties could have . . . dealt with prior to getting as far along as we are**[.]

(Emphasis added).

¶6. On June 5, 2024, the chancellor entered an order addressing the petitions for modification and contempt. The order discussed the insurance claim dispute between Brittany and Darryl—Darryl would not have to participate in the proceedings but could not interfere either—and granted Darryl "unrestricted access" to the children's school and notifications therefrom. The chancellor's order granted Brittany's request for attorney's fees, providing:

The [c]ourt finds that an award of attorney's fees and expenses to Ms. McCreary in this matter is appropriate and shall enter a separate order on those fees after evaluation of the exhibits and affidavits. Both parties can submit documentation on their position for or against attorney['s] fees within 20 days of the entry of this Order.

¶7. On June 12, 2024, Brittany filed a motion for declaratory relief concerning the insurance check, alleging that Darryl "refuse[d] to endorse the reissued check[.]" The motion also contained another request for attorney's fees. Darryl argued in response that the previous order of the court provided that he "need not play any active role in the procurement of what he believes to be a fraudulent claim."

¶8. On June 25, 2024, Darryl filed a brief in support of the court's directive concerning attorney's fees. Darryl contended that attorney's fees (for either side) were not warranted in

this case because there was no finding of contempt, and there was proof that he had attempted to settle the insurance matter with Brittany out of court.

¶9. On September 10, 2024, the chancellor entered an order granting attorney's fees to Brittany. The chancellor noted Darryl requested "each party b[ear] their individual legal cost" but found such would be unreasonable "in light of the mutually settled allegations that Brittany's actions were placing the minor children in a dangerous situation which required a change in the physical custody provisions" outlined in the parties' agreement. Nonetheless, attorney's fees were awarded only to Brittany.

¶10. On October 9, 2024, Darryl appealed.

## STANDARD OF REVIEW

¶11. Our standard of review on appeal is "limited when analyzing a chancellor's determinations in domestic-relations matters[.]" *Stacy v. Stacy*, 393 So. 3d 1133, 1137 (¶12) (Miss. Ct. App. 2024) (quoting *Hardin v. Hardin*, 335 So. 3d 1088, 1092 (¶12) (Miss. Ct. App. 2022)). In other words, "[a] chancellor's decision regarding the award of attorney's fees is given great discretion and will only be disturbed if it is found to be an abuse of discretion or in manifest error." *Dorsey v. Dorsey*, 972 So. 2d 48, 55 (¶21) (Miss. Ct. App. 2008) (citing *Creekmore v. Creekmore*, 651 So. 2d 513, 520 (Miss. 1995)).

## ANALYSIS

¶12. Darryl argues that the chancellor's award should be reversed because it lacks an accompanying *McKee* analysis.[1] Additionally, he asserts that awards of attorney's fees are

---

[1] *See McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).

improper in child custody cases.

¶13.  First, Darryl is correct that "[b]efore granting or denying attorney's fees, a chancellor must apply the *McKee* factors." *In re Est. of Stimley*, 395 So. 3d 441, 444 (¶8) (Miss. Ct. App. 2024) (quoting *Gilmer*, 297 So. 3d at 339 (¶53)). Generally, however, "a chancellor should only award attorney's fees where the moving party shows an inability to pay." *Id.* (citing *Black v. Black*, 240 So. 3d 1226, 1235 (¶27) (Miss. Ct. App. 2017)). In other words, a party must **first** "demonstrate an inability to pay" in order to be awarded attorney's fees. *Dorsey v. Dorsey*, 972 So. 2d 48, 55 (¶21) (Miss. Ct. App. 2008) (citing *Kelley v. Kelley*, 953 So. 2d 1139, 1144 (¶14) (Miss. Ct. App. 2007)). "The **party seeking attorney's fees is charged with the burden of proving inability to pay**; usually where the party is able to pay his or her own attorney's fees, an award of such fees is inappropriate." *Vandenbrook v. Vandenbrook*, 292 So. 3d 991, 1004 (¶46) (Miss. Ct. App. 2019) (emphasis added) (quoting *Duncan v. Duncan*, 915 So. 2d 1124, 1128 (¶16) (Miss. Ct. App. 2005)).

¶14.  Darryl is also correct that "attorney's fees are not normally awarded in child custody modification actions." *Tidmore v. Tidmore*, 114 So. 3d 753, 758 (¶10) (Miss. Ct. App. 2013) (quoting *Mixon v. Sharp*, 853 So. 2d 834, 841 (¶32) (Miss. Ct. App. 2003)). Nonetheless, "it is well established that a chancellor may award attorney's fees as the result of a contempt action in a domestic-relations case." *Id.* "Where a party's intentional misconduct causes the opposing party to expend time and money needlessly, then attorney fees and expenses should be awarded to the wronged party." *Hanshaw v. Hanshaw*, 55 So. 3d 143, 147 (¶13) (Miss. 2011) (quoting *Corp. Mgmt. Inc. v. Greene County*, 23 So. 3d 454, 466 (Miss. 2009)).

5

¶15. Here, there was neither a showing of Brittany's inability to pay her attorney's fees nor a finding that either party was in contempt of court. The record offers no suggestion on Brittany's part that she was unable to pay the attorney's fees associated with this modification action despite that she carried the burden of proof in proving such. In fact, when addressing her request for attorney's fees, Brittany simply testified, "I would like for [Darryl] to pay my attorney's fees because I wouldn't even have an attorney if he wouldn't have sued me." She made no mention of being unable to pay those fees, and her attorney made no attempt to elicit any testimony on that point. And although Darryl and Brittany filed dueling motions for contempt, the chancellor did not hold either of them in contempt of court.

¶16. The chancellor plainly laid out her reasoning for awarding attorney's fees, stating:

> [T]he [c]ourt is pleased at this point that whatever problems or issues/concerns that the parties were having regarding their children, they were able to get that worked out and we didn't have to litigate that. . . . [I]t's helpful to the children when the parents can talk about something and resolve that they do not have to fully litigate something, so I appreciate that, but by the same token, I would be of the opinion that [Brittany] is, in fact, due some attorney's fees because we can't have it both ways. . . . So **that's why the [c]ourt will be saying there will be some attorney's fees because I believe this was a matter that the parties could have . . . dealt with prior to getting as far along as we are**[.]

(Emphasis added). This reasoning contains no mention of Brittany being unable to pay her attorney's fees or of either party being found in contempt of court.

¶17. In sum, without a finding of contempt and without a finding of Brittany's inability to pay, the stated basis justifying the chancellor's award of attorney's fees is without legal support and, thus, an abuse of discretion; therefore, the award should be reversed and rendered under our precedent. *See Benson v. Benson*, 608 So. 2d 709, 712 (Miss. 1992)

6

(explaining "the record does not reflect" an inability to pay attorney's fees, resulting in a finding of abuse of discretion and the judgment being reversed and rendered in part); *see also Dauenhauer v. Dauenhauer*, 271 So. 3d 589, 601 (¶51) (Miss. Ct. App. 2018) (holding that an attorney's fees award "[w]here a party is able to pay [her] attorney's fees" was "not appropriate" and "revers[ing] and render[ing] the chancellor's judgment so as [the appellant] is not required to pay [the appellee]'s attorney's fees in this regard"); *Solangi v. Croney*, 118 So. 3d 173, 179 (¶29) (Miss. Ct. App. 2013) (finding that an "award of fees and costs . . . unsupported by the record . . . must be reversed and rendered"); *Dunaway v. Dunaway*, 749 So. 2d 1112, 1119-20 (¶20) (Miss. Ct. App. 1999) (holding that an attorney's fees award could not be "sustained" and reversing and rendering on that issue) (citing *Johnson v. Johnson*, 650 So. 2d 1281, 1288 (Miss. 1994); *McKee*, 418 So. 2d at 767).

**CONCLUSION**

¶18.    Because there was no suggestion of an inability to pay attorney's fees on Brittany's part and no finding of contempt, we find the award of attorney's fees was made in manifest error. In so finding, we reverse the September 2024 order awarding Brittany attorney's fees and render judgment that Darryl is not required to pay her attorney's fees.

¶19.    **REVERSED AND RENDERED.**

    **BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

7