418 So.2d 764 (1982)
John B. McKEE, Jr.
v.
Mary Greenway McKEE.
No. 53212.
Supreme Court of Mississippi.
July 28, 1982.
Amended Rehearing Denied September 8, 1982.
*765 Kay Farese Luckett, Luckett, Luckett, Luckett & Thompson, Clarksdale, John B. Farese, Ashland, for appellant.
Frank W. Hunger, Lake, Tindall, Hunger & Thackston, Greenville, Lucius E. Burch, Jr., Memphis, Tenn., for appellee.
PER CURIAM.
PATTERSON, Chief Justice, for the Court:
Mary Greenway McKee was granted a divorce from John B. McKee, Jr., by the Chancery Court of Coahoma County. The decree included alimony, custody of the minor children, attorneys fees and expenses for Mrs. McKee. The only issues on appeal by Mr. McKee concern the monetary awards of alimony and attorneys fees.
The parties were married in 1959 and have four children, two of whom were minors at the time of trial. Although Mrs. McKee received a college degree before her marriage, she has not worked outside the home since that time. The testimony is without contradiction that the appellee has been a good mother and representative of her family, participating actively in church, educational, and other community activities. The record reveals that Mrs. McKee has virtually no assets or income, while her husband, during the course of the marriage, has acquired large land holdings through a partnership with his sister. (Even the family home was owned by this partnership.) He also conducts extensive farming operations through this partnership and other corporations. The evidence indicated his net worth to be in excess of $12,000,000.
*766 Mrs. McKee alleged adultery and cruel and inhuman treatment as the basis for her divorce suit. The respondent's pleadings admitted the grounds alleged for divorce and the proof amply supported the allegations. Therefore, Mrs. McKee's entitlement to a divorce and to alimony is unquestioned on appeal. Only the amount and time of payment of the alimony award as well as the amount of attorneys fees are at issue on appeal. The trial court awarded Mrs. McKee a lump sum alimony of $1,250,000, with $150,000 payable on entry of the final decree and the remainder payable in 90 days. She was given use of a Cadillac automobile that was in her possession and furniture and appliances admitted at trial as belonging to her. In addition Mrs. McKee was to remove herself from the parties' residence and deliver possession to the appellant within 90 days of entry of the final decree. Attorneys fees of $56,350 and expenses in the amount of $19,220.86 were awarded Mrs. McKee. A lien was placed on all of the real estate in Coahoma County in which the appellant had an interest in order to secure payment of the above amounts.
This Court has repeatedly stated that the manner and amount of alimony awards are peculiarly and primarily matters for decision by the trial court. E.g. Aldridge v. Aldridge, 200 Miss. 874, 27 So.2d 884 (1946). In the case of Jenkins v. Jenkins, 278 So.2d 446 (Miss. 1973), we stated:
As long ago as 1856 in the divorce case of Armstrong v. Armstrong, 32 Miss. 279, we stated with regard to support for the wife:
There appears to be no fixed rule upon this subject, but it depends upon the discretion of the court, to be exercised with reference to an equitable view of all the circumstances of the particular case, the only general rule being, that the wife is entitled to a support corresponding to her rank and condition in life, and the estate of her husband. These principles are recognized by our statute, which provides, that the court may make such allowance "as from the circumstances of the parties and the nature of the case may be fit, equitable, and just." ... (32 Miss. at 290). 278 So.2d at 449-450.
In the present case, we are of the opinion the trial court's determination of a lump sum award of $1,250,000 was not manifestly wrong or against the overwhelming weight of the evidence. There was sufficient evidence that the parties were accustomed to an affluent life style, and, moreover, the proof of the appellant's financial status reveals that his assets were ample to comply with the award without undue burden on himself. However, we do think in view of the large award that the time for payment should be lengthened so as to prevent any likelihood of an oppressive liquidation of assets to meet the judgment. We therefore affirm the chancellor's award of $1,250,000 in lump sum. We hold, however, that $250,000, less any sums that may have been paid on the award, should be paid on the entry of the judgment and mandate of this court. The remaining $1,000,000 to be paid within ninety days, unless the appellant desires additional time, and in that event, not to exceed one year from this judgment. If additional time is requested the unpaid portion shall be subject to interest at the statutory[1] rate for the extended time.
The appellant also contends that the trial court erred in the award of attorneys fees. We are persuaded by this contention, finding the award of attorneys fees not supported by the evidence and excessive. The appellee, Mrs. McKee, contacted an attorney in Memphis, Tennessee, to institute divorce proceedings against her husband. This attorney was aided by one of his law partners and a Mississippi attorney whom he associated. All three of these attorneys testified concerning their services on Mrs. McKee's behalf. The leading attorney from Memphis testified that he had never disciplined himself to keep a log of hours spent on his cases, but he estimated his time at approximately 200 hours engaged on the *767 case. His law partner testified that his daily log of the time indicated that he had spent 247 hours on Mrs. McKee's behalf. The Mississippi attorney had an itemized daily breakdown of his time of over 330 hours engaged on the case on Mrs. McKee's behalf. Additionally, both Memphis attorneys gave evidence that associates in their firm had expended an additional 28 hours on her behalf. The total hours for the three attorneys and the associates was 805 hours and evidence was introduced that a reasonable charge per hour for an attorney in the community where the case was tried ranged from $50 to $100 per hour. The trial court awarded fees based on 805 hours at $70 per hour, a total of $56,350.
We recognize that the matter of determining attorneys fees in divorce cases is largely entrusted to the sound discretion of the trial court. Walters v. Walters, 383 So.2d 827 (Miss. 1980). However, we think the trial court abused this discretion by an excessive award in this case because it is not supported by the evidence. The complaint for divorce was filed in August 1980 and a three-day trial transpired in December 1980. While it is true there was extensive discovery necessitated because of the appellant's complex financial situation, we nevertheless think from the circumstances and the evidence presented on attorneys fees that 805 hours without specific explanation was an unreasonable time spent in preparation and trial of the appellee's cause.
In determining an appropriate amount of attorneys fees, a sum sufficient to secure one competent attorney is the criterion by which we are directed. Rees v. Rees, 188 Miss. 256, 194 So. 750 (1940). The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
We think it is not the best practice to estimate the time expended as the basis for a fee as the approximation is more susceptible to error, and thus more suspect than properly maintained time records. Estimates, however, can properly be considered by the court but the attorney who does so should have a clear explanation of the method used in approximating the hours consumed on a case. We are also of the opinion the allowance of attorneys fees should be only in such amount as will compensate for the services rendered. It must be fair and just to all concerned after it has been determined that the legal work being compensated was reasonably required and necessary.
As stated, we are of the opinion that there was insufficient evidence presented to the trial court for it to accurately assess attorneys fees. We therefore remand the case on this issue for further testimony and determination by the trial court. However, we affirm the award of expense money in the amount of $19,220.86.
The appellee has filed a motion for attorneys fees on appeal. Ordinarily, under our rule, an award of one-half of the sum granted by the trial court is deemed appropriate on appeal. However, an exception to this rule exists when the permanent alimony awarded to the wife gives her sufficient means to meet the obligation of counsel fees on appeal. Tighe v. Tighe, 239 Miss. 666, 124 So.2d 843 (1960). The award by the trial court was sufficient in our opinion for Mrs. McKee to compensate her attorneys for this appeal. The motion is therefore denied.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING and DAN M. LEE, JJ., concur.
HAWKINS and PRATHER, JJ., took no part.
NOTES
[1] Mississippi Code Annotated § 75-17-7 (Supp. 1981), fixes the rate of interest at eight per cent (8%) per annum on "judgments and decrees."