These cases, consolidated for appeal, arise from the Chancery Court of the First Judicial District of Hinds County, where Barbara Atwood Scott Bumgarner (hereinafter Barbara) filed suit for divorce against her husband James Everett Bumgarner (hereinafter James). The record contains transcriptions of (1) the temporary hearing, (2) the hearing on the complaint for divorce, (3) the hearing on the motion to correct judgment and alternate relief (No. 54,863), and the hearings on (4) the motion to find defendant in contempt (54,931) and (5) the motion to find plaintiff in contempt (No. 55,152).
The court granted Barbara a divorce on the ground of habitual cruel and inhuman treatment. James does not contest that action but assigns several errors in the trial in chief and in the hearing on the motion to find plaintiff in contempt.
It is regrettable that a case so heavily litigated should be silent on a number of important facts. Specifically, there is very little evidence as to the propriety of the court's assessment of $2,000.00 attorneys fees against James. In McKeev. McKee, 418 So.2d 764 (Miss. 1982), we set out guidelines for the determination of an appropriate amount of attorneys fees. We stated:
 [A] sum sufficient to secure one competent attorney is the criterion by which we are directed. Rees v. Rees, 188 Miss. 256, 194 So. 750 (1940). The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case . . .
 We are also of the opinion the allowance of attorneys fees should be only in such amount as will compensate for the *Page 456 
services rendered. It must be fair and just to all concerned after it has been determined that the legal work being compensated was reasonably required and necessary.
 418 So.2d at 767.
By contrast, the only apparent basis for the award of $2,000.00 attorneys fees in this case was the following testimony taken during direct examination of Barbara:
 Q. Have you been awarded any attorneys fees in this litigation up to now?
 A. No, I have not.
 Q. You have given your deposition, have you not?
 A. Yes, I have.
 Q. I believe we spent two or three days preparing a bill of particulars, did we not?
 A. Yes, we did.
 Q. You came into court this morning and we discussed and do you know now how much you owe me in legal fees?
 A. Approximately $6,500.00.
 Q. Do you have the money to pay me with, Mrs. Bumgarner?
 A. No, I do not.
 Q. According to him [James], not his tax returns, but according to him, how much does he make a year?
 A. He has told me that he probably makes $100,000 or more a year.
Further, Barbara had an annual income of approximately $15,000 and had $6,000 cash in a safety deposit box. No children had been born of the Bumgarners' four year union, and Barbara's son from a former marriage was being supported in part by his father. James submitted state income tax returns to the effect that he made less than $20,000 during the years 1979 through 1981.
In view of the sparseness of this evidence, we are of the opinion the proof does not begin to meet the standards set out inMcKee for the accurate assessment of attorneys fees. Stated simply, the record is at worst mute and at best inadequate on the factors such as time and labor involved in the preparation and trying of the case, the customary charge in the community, and whether Barbara's counsel was forced to forego other employment due to the acceptance of her case.
We are of the opinion the trial court had insufficient evidence upon which to make a fair and just allowance for attorneys fees. The case is reversed and remanded on the award to Barbara of $2,000 attorneys fees. Finding James' additional assignments of error to be without merit, we affirm the judgment in all other respects.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
DAN M. LEE, J., not participating.