DIAZ, J.,
for the Court:
¶ 1. Freddie Formigoni appeals the chancellor’s order adjudicating him $5,000 in child support arrearage and awarding attorney’s fees and expenses in the amount of $8,506.90 to his former wife, Donna Formigoni. Donna cross-appeals the chancellor’s order awarding custody of the parties’ minor child to Freddie as well as the chancellor’s refusal to award attorney’s fees to Donna for the final hearing in this matter. We find that the chancellor was correct in holding Freddie in arrears for his child support obligation and that $8,506.90 in attorney’s fees was properly awarded to Donna. Therefore, we affirm that part of the chancellor’s order. However, we find that the chancellor erred in awarding custody of the minor child to Freddie; accordingly, we reverse and remand on that issue.
FACTS
¶ 2. Freddie and Donna Formigoni were married on August 26, 1979 and were divorced on September 8, 1992. Two children were born during the marriage-Amber and Erick, who were ages eleven and six, respectively, at the time of their parents’s divorce. Donna was granted custody of both children, and Freddie was ordered to pay Donna $500 per month in child support. On May 4, 1995, Donna petitioned the court to find Freddie in contempt for, inter alia, failing to honor his child support obligations. Donna also argued that Freddie disregarded the terms of the divorce decree and obtained custody of Amber without the court’s permission. In response to Donna’s motion, the chancellor found Freddie to be in ar-rearage of child support and ordered Freddie to pay Donna $5,000 together with legal interest at the rate of 8%. The chancellor then awarded temporary custody of Amber to Freddie. On September 6,1996, Donna again petitioned the court to find Freddie in contempt for falling to honor the terms of the chancellor’s previous order. The chancellor responded by finding Freddie in contempt of court and ordering him to pay Donna’s attorney’s fees in the amount of $8,506.90. At a final hearing on July 18, 1997, the chancellor awarded permanent physical custody of Amber to Freddie. Both parties now appeal the chancellor’s ruling. Freddie asserts that the chancellor erred in finding him $5,000 in child support arrearage and in ordering him to pay Donna’s attorney’s fees. Donna maintains that the chancellor erred in awarding physical custody of Amber to Freddie and in refusing to order Freddie to pay her attorney’s fees for the final hearing. We now consider Freddie’s direct appeal and Donna’s cross-appeal.
DISCUSSION

Direct Appeal

I. DID THE CHANCELLOR ERR IN ADJUDICATING FREDDIE IN CHILD SUPPORT ARREARAGE?
*870 ¶ 3. According to the final judgment of divorce between Freddie and Donna Formigoni, Donna was to receive permanent custody of the two minor children, Amber and Erick, and Freddie was to pay Donna $500 per month in child support. However, Amber decided that she preferred to live with her father, and without seeking the court’s permission, Freddie allowed Amber to begin living in his home. Freddie then decided that his child support obligation should be reduced by one half, and thereafter began paying Donna $250 per month instead of the $500 per month which the court had originally ordered him to pay. Eventually, Freddie decided to stop paying child support to Donna altogether. During a June 1996 hearing in chancery court, Freddie admitted to owing $4,500 in child support payments. In a hearing one month later, Donna testified that Freddie was still not paying his child support obligation. Based upon this information, the chancellor determined that Freddie was $5,000 in child support arrearage and ordered him to pay his debt together with legal interest at the rate of 8%.
¶ 4. Child support obligations “vest in the child as they accrue, and no court may thereafter modify or forgive them if they be not paid.” Gambrell v. Gambrell, 644 So.2d 435, 444 (Miss.1994) (citations omitted). Furthermore, a party who, without permission by the court, modifies or eliminates child support payments acts at his own peril. Rogers v. Rogers, 662 So.2d 1111, 1115 (Miss.1995). The chancellor in this case based her decision to find Freddie in child support ar-rearage upon his own admission that he had terminated his child support payments without the court’s permission and thus owed a significant amount in child support. She was correct in her determination, and as such, we affirm the chancellor’s decision finding that Freddie must pay Donna $5,000 in back child support together with 8% legal interest.
II. DID THE CHANCELLOR ERR IN AWARDING DONNA FORMIGO-NI $8,506.90 IN ATTORNEY’S FEES?
¶ 5. The matter of determining attorney’s fees in domestic cases is largely entrusted to the chancellor’s discretion. Arthur v. Arthur, 691 So.2d 997, 1004 (Miss.1997).
The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
McKee v. McKee, 418 So.2d 764, 767 (Miss.1982).
¶ 6. The chancellor in the present case heard testimony regarding Donna’s financial ability to pay her own attorney’s fees and received evidence concerning the time and labor exerted by Donna’s attorney in handling her case. The chancellor determined from the evidence presented to her that Donna was entitled to attorney’s fees in the amount of $8,506.90. We agree. Therefore, finding no abuse of discretion in the chancellor’s decision to award attorney’s fees to Donna, we dismiss this assignment of error as lacking in merit.
Cross-appeal
III. DID THE CHANCELLOR ERR IN AWARDING CUSTODY OF THE MINOR CHILD TO FREDDIE?
¶7. The supreme court has repeatedly held that “[t]he polestar consideration in custody matters is the best interest and welfare of the child.” Mercier v. Mercier, 717 So.2d 304(¶ 10) (Miss.1998). In any child custody proceeding, the chancellor must consider (1) the age, health, and sex of the child; (2) which parent has had the continuity of care prior to the separation; (3) the parties’ parenting skills *871 and their willingness and capacity to provide primary child care; (4) the parents’ employment and responsibilities of that employment; (5) the physical and mental health and the age of the parents; (6) the emotional ties of the parents and the child; (7) the moral fitness of the parents; (8) the home, school, and community record of the child; (9) the child’s preference, if the child is at such an age as the law permits to express a preference; (10) the stability of the home and the employment of each parent; and (11) other factors relevant to the parent-child relationship. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). Furthermore,
[I]f the court shall find that both parties are fit and proper persons to have custody of the children, and that either party is able to adequately provide for the care and maintenance of the children, and that it would be to the best interest and welfare of the children, then any such child who shall have reached his twelfth birthday shall have the privilege of choosing the parent with whom he shall live.
Miss.Code Ann. § 93-11-65 (Rev.1994).
¶ 8. The record in the present case provides us with no indication that the chancellor considered the Albright factors or the statutory requirements set forth in § 93-11-65 before rendering her decision that Amber, who was fifteen years of age at the time of the final hearing, should be placed in Freddie’s custody. Rather, the chancellor simply stated, “I think at this time to move her [Amber] to the mother’s home would be detrimental to her. I am going to allow Mr. Formigoni to retain custody.” Therefore, it is this Court’s opinion that the chancellor abused her discretion in failing to consider the factors involved in custody determinations. Accordingly, we reverse and remand the issue of Amber’s custody and instruct the chancellor to support her findings that Freddie is better suited to be Amber’s custodial parent.
IV. DID THE CHANCELLOR ERR IN FAILING TO AWARD DONNA’S ATTORNEY’S FEES FOR THE FINAL HEARING?
¶ 9. The court conducted a final hearing on July 18, 1997, concerning the custody of Amber Formigoni. At that time, the chancellor denied Donna’s request for additional attorney’s fees, citing her opinion that the custody issue had already been addressed and that the final hearing was simply unnecessary. The chancellor went on to say that Donna Formigoni had no more money with which to pay attorney’s fees. Donna now argues that the chancellor erred in refusing her request for attorney’s fees after acknowledging her inability to afford legal representation.
¶ 10. “Generally the award of attorney’s fees in a divorce case is left to the discretion of the trial court.” Sarver v. Sarver, 687 So.2d 749, 755 (Miss.1997) (citations omitted). “We are ‘reluctant to disturb a chancellor’s discretionary determination whether or not to award attorney fees and of the amount of [any] award.’ ” Id. (citations omitted). However, in this case, the chancellor erred in granting custody of Amber to Freddie without considering the Albright factors and the statutory requirement. Therefore, Donna was correct in pursuing her cause of action. Accordingly, on remand, we would urge the court to carefully consider whether attorney’s fees should in fact be awarded to Donna, and if so what amount would be appropriate.
¶11. THE JUDGMENT OF THE WASHINGTON COUNTY CHANCERY COURT ORDERING THE APPELLANT TO PAY $5,000 IN BACK CHILD SUPPORT AND $8,506.90 IN ATTORNEY’S FEES IS AFFIRMED. THE JUDGMENT OF THE WASHINGTON COUNTY CHANCERY COURT ORDERING THE MINOR CHILD TO BE PLACED IN THE APPELLANT’S CUSTODY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS *872 OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT, FREDDIE FORMIGONI.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, KING, PAYNE, and SOUTHWICK, JJ., CONCUR.
IRVING and LEE, JJ., not participating.