SOUTHWICK, P.J.,
for the Court:
¶ 1. Erma James was granted a divorce by the Grenada County Chancery Court based on the adultery of her husband. Samuel James appeals, arguing that child support of $500 per month was too high, that an improper automatic escalator in the payments was ordered, and that he should not have to pay his former wife’s attorney’s fees. We find no error in these actions and affirm.
FACTS
¶ 2.. Samuel David James and Erma Taylor James were married in 1993. Three children were born of this union and at the time of trial their ages ranged from four years to eleven months. During the marriage, the Jameses filed bankruptcy and continued to be struggling financially. The family moved from Coffeeville to Grenada in order to-be closer to Mr. James’s employment. Mrs. James was required to *849 quit her employment as a result of this move.
¶ 3. In May 1998, Mrs. James filed for divorce, alleging adultery as well as habitual cruel and inhumane treatment. A hearing was held on September 18, 1998. The chancellor rendered his oral opinion the same day. Mrs. James was granted a divorce on the grounds of adultery and was given custody of the three children, subject to reasonable visitation rights for Mr. James. The chancellor also ordered Mr. James to pay $500 monthly in child support beginning immediately. This amount was to be reviewed a year and a half later after Mr. James filed his 1999 W-2 forms with the court. The deadline for the submission was March 1, 2000. The chancellor stated that he would at that time determine whether additional child support would be awarded.
¶ 4. The chancellor, in lieu of alimony, required Mr. James to convey certain real property to Mrs. James. The chancellor also awarded Mrs. James one-half of Mr. James’s 401-K retirement plan, ordered Mr. James to pay several outstanding medical bills and awarded Mrs. James attorney’s fees.
DISCUSSION
¶ 5. Mrs. James did not file an ap-pellee’s brief in this appeal. The failure of the appellee to file a brief is tantamount to a confession of error. It will be accepted as such a confession unless we can with confidence say, after considering the record and brief of appellant, that there was no error. Snow Lake Shores Prop. Owners v. Smith, 610 So.2d 357, 361 (Miss.1992). Our obligation to evaluate the record is especially keen in domestic cases that have issues regarding children. The failure of adults to follow court procedures should not cause harm to minors who are inextricably connected with their parents’ dispute.

I. Child support award

¶ 6. Mr. James alleges that the child support awarded by the chancellor was set using an erroneous legal standard and that it lacked the requisite findings. These two assignments of error are considered together.
¶ 7. Mr. James asserts that the chancellor did not properly apply the controlling statute in determining the amount of child support to be paid. Miss.Code Ann. § 43-19-101 (Supp.1999). This statute provides that the presumptive award of child support for three children is 22% of the supporting parent’s adjusted gross income. The problem in this case is that Mr. James’s income is variable. The $500 was less than 22% of some recent year’s income, but that reduction occurred because of Mr. James’s contention that he was working fewer hours and had increased expenses because of the divorce. It was also less than the temporary child support ordered three months earlier of $550 per month. The chancellor specifically stated that he was reducing child support payments to give Mr. James the opportunity to pay his bills and some outstanding debts.
¶ 8. The chancellor’s findings were delineated in the record as required by section 43-19-101(2). We find them to be acceptable within the discretion that may be exercised.
¶ 9. In addition to the child support award, the chancellor in his written order ruled that Mr. James would be required to submit his 1999 W-2 forms to the court by March 1, 2000 in order to allow the court to determine if an adjustment of support was warranted. Specifically, the court ruled that upon submission of the documents the court would re-evaluate the child support award.
¶ 10. In the earlier oral opinion dictated from the bench, the chancellor indicated that there likely would be an upward adjustment consistent with the guidelines of 22% for three children. Miss.Code Ann. *850 § 43-19-101. However, the written opinion simply establishes a procedure and not a result. We therefore find that this was not an automatic escalation clause as has been criticized by the supreme court. Bruce v. Bruce, 687 So.2d 1199, 1202 (Miss.1996). The chancellor sought to allow Mr. James to meet his financial obligations, including child support. Yet the chancellor also allowed for re-evaluation at a set time because of the ambiguity inherent in Mr. James’s income. If the chancellor at that time adjusts the amount of child support in a manner that either party finds erroneous, that argument can be addressed then.

II. Award of attorney’s fees

¶ ll. Finally, Mr. James alleges that the chancellor erred in awarding attorney’s fees in the amount of $5,564.50. The question of attorney’s fees in a divorce action is a matter largely entrusted to the sound discretion of the trial court. Ferguson v. Ferguson, 639 So.2d 921, 937 (Miss.1994). Generally, if a party is able to pay an attorney, then an award of fees is inappropriate. Martin v. Martin, 566 So.2d 704, 707 (Miss.1990).
¶ 12. The award of attorney’s fees is governed by the factors set forth in McKee v. McKee, 418 So.2d 764, 767 (Miss.1982). Here the chancellor determined that Mrs. James would be unable to pay her attorney for the prosecution of her action. Trial counsel for Mrs. James submitted an affidavit to the chancellor itemizing the time and labor required in this action. This substantially complies with McKee. We find no error in the chancellor’s decision that the time and labor spent was reasonable.
¶ 13. THE JUDGMENT OF THE GRENADA COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL AND THE STATUTORY PENALTY OF 15%, CALCULATED ONLY ON THE AWARD OF ATTORNEY’S FEES, ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.