LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. Rodney Redix and Theresa Redix (now Theresa Nichols) were divorced in 2001. Theresa was awarded custody of the couple’s minor son, and Rodney was ordered to pay $300 per month in child support. In 2003, Rodney filed a motion for modification of visitation and contempt. Theresa then filed an answer and counterclaim for contempt, asserting that Rodney’s child support payments were in arrears. After considerable delay, a hearing was conducted on October 18, 2007. Both parties stipulated that Rodney’s child support payments had been in arrears, but he had caught up the payments. The chancellor and the parties agreed that the only remaining issue was whether Theresa was entitled to attorney’s fees. The chancellor found that Theresa was entitled to attorney’s fees in the amount of $2,925. Rodney now appeals, asserting that the chancellor erred in awarding Theresa attorney’s fees.
DISCUSSION
¶ 2. In his sole issue on appeal, Rodney argues that the chancellor erred in awarding Theresa attorney’s fees. An award of attorney’s fees is generally left to the chancellor’s discretion. Gray v. Pearson, 797 So.2d 387, 395(¶31) (Miss.Ct.App. 2001). Furthermore, the chancellor’s finding on the issue of attorney’s fees will not be disturbed unless it is manifestly wrong. Cumberland v. Cumberland, 564 So.2d 839, 844 (Miss.1990). In McKee v. McKee, 418 So.2d 764, 767 (Miss.1982), the supreme court established certain factors to be considered in making an award of attorney’s fees, including the financial ability of the parties, the skill and standing of the *1069 attorney employed, the nature of the case and novelty and difficulty of the questions at issue, the time and labor required, the customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the ease.
¶ 3. During the hearing Theresa was questioned about her employment history and testified that prior to the hearing she had begun receiving monthly disability payments. Theresa’s attorney also testified as to the amount of time he had spent working on Theresa’s attempts to collect the child support. Theresa’s counsel submitted an itemized bill documenting 20.5 hours of time expended at a rate of $150 per hour. The chancellor ultimately deducted one hour from the total hours expended and awarded Theresa attorney’s fees for 19.5 hours at the rate of $150 per hour for a total of $2,925. We cannot find that the chancellor erred in ordering Rodney to pay Theresa’s attorney’s fees. This issue is without merit.
¶ 4. THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.