GRIFFIS, J.,
concurring in part, dissenting in part.
¶ 26. I concur with the majority regarding issues one and two. I respectfully dissent as to the holding of issue three.
¶ 27. In my opinion, the majority is correct to rule that the chancellor erred when she cited Rule 68 of the Mississippi Rules of Civil Procedure as appropriate authority for the chancellor to award attorney’s fees. There is no legal authority for this conclusion. Rule 68 does not authorize an award of attorney’s fees as costs.
¶ 28. In McKee v. McKee, 418 So.2d 764, 766-67 (Miss.1982), the supreme court determined that an award of attorney’s fees in a divorce case may be awarded at the discretion of the chancellor, but the award must be reasonable and supported by the evidence. The supreme court held:
The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
Id. at 767.
¶ 29. The majority concludes that “on these special facts, a McKee analysis is not indispensable to determine] the reasonableness of this amount. Accordingly, we modify the amount of attorney’s fees awarded from $2,000 to $1,656.97 to represent one-half of the total amount of attorney’s fees incurred by Melissa.”
¶ 30. I do not agree with the majority’s conclusion. Based on McKee, the supreme court has ruled that an award of attorney’s fees must be supported by a chancellor’s analysis of what has become known as the McKee factors. Here, the chancellor has not made this analysis. Therefore, I am of the opinion that the proper holding by this Court is to reverse the award of attorney’s fees and remand this issue to the chancellor for an analysis of the McKee factors. Accordingly, I dissent as to issue three. I would reverse the chancellor’s award of attorney’s fees and remand this case to the chancery court for further proceedings consistent with this opinion.
LEE, P.J., ISHEE AND CARLTON, JJ., JOIN THIS SEPARATE OPINION.