ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. This appeal follows Rita Faye Mi-ley’s unsuccessful complaint for separate maintenance against William M. “Buzz” Miley, Jr. Rita does not appeal the chancellor’s decision to forego awarding separate maintenance. Instead, Rita appeals the chancellor’s decision to award only a portion of the attorney’s fees she requested. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. The relationship between Rita and William was described as a “May-December marriage.”
 
 [1]
 
 Rita and William were married in June 2001. In March 2007,
 
 *86
 
 Rita filed a complaint for separate maintenance. William responded and denied the allegations in Rita’s complaint. In August 2007, the Oktibbeha County Chancery Court entered an order awarding Rita temporary maintenance of $2,400 per month.
 

 ¶ 3. The trial on Rita’s complaint for separate maintenance took place on January 10, 2008. The chancellor rendered a bench opinion at the end of the trial. The chancellor found that Rita had failed to prove that she was entitled to separate maintenance. However, the chancellor also found that Rita and William would never live together as husband and wife and that it was equitable to order William to continue paying Rita temporary maintenance payments of $2,400 per month. Rita has not appealed the chancellor’s decision that she was not entitled to separate maintenance. Interestingly, William did not cross-appeal the chancellor’s order that William was to continue paying Rita monthly temporary support payments. Accordingly, the chancellor’s decision in that regard is not at issue.
 

 ¶ 4. Instead, this appeal focuses on Rita’s request for attorney’s fees. Rita presented evidence that she owed her attorney, Hal H.H. McClanahan, more than $26,000 in attorney’s fees. The chancellor found that Rita was unable to pay McCla-nahan. The chancellor also found that McClanahan presented a true statement of the time he put into the case and that his time was valued as stated. However, the chancellor only ordered William to pay a portion of the requested attorney’s fees. That is, the chancellor ordered William to pay Rita $5,000 for attorney’s fees, instead of the $26,000 that was requested. The chancellor’s bench opinion was memorialized in a judgment dated February 26, 2008. Aggrieved by the chancellor’s decision to award only a portion of McClana-han’s requested attorney’s fees, Rita appeals.
 
 [2]
 

 STANDARD OF REVIEW
 

 ¶ 5. “The trial court is the appropriate entity to award attorney’s fees and costs.”
 
 Mabus v. Mabus,
 
 910 So.2d 486, 488(¶ 7) (Miss.2005). “Unless the chancellor is manifestly wrong, his decision regarding attorney[’s] fees will not be disturbed on appeal.”
 
 Id.
 
 “It is well settled in this State that what constitutes a reasonable attorney’s fee rests within the sound discretion of the trial court and any testimony by attorneys with respect to such fees is purely advisory and not binding on the trial court.”
 
 Id.
 
 (citation omitted). The appellate Court “will not reverse the trial court on the question of attorney’s fees unless there is a manifest abuse of discretion in making the allowance.”
 
 Id.
 
 “The word ‘manifest,’ as defined in this context, means unmistakable, clear, plain, or indisputable.”
 
 Id.
 

 ANALYSIS
 

 ¶ 6. Rita claims that the chancellor committed reversible error when he declined to award the total amount of fees she had incurred. Rita notes that McCla-nahan presented an affidavit and itemization of his fees, and attorney Gary L. Geeslin swore by affidavit that McClana-han’s fees were reasonable. Rita further notes that William did not claim that McClanahan’s fees were unreasonable, and he did not object to the amount of time that McClanahan spent on the case.
 

 
 *87
 
 ¶ 7. Additionally, Rita claims the chancellor erred by not discussing the factors set forth in
 
 McKee v. McKee,
 
 418 So.2d 764, 767 (Miss.1982). Those factors are: (1) a party’s financial inability to„pay, (2) the skill and standing of the attorney, (3) the nature, novelty, and difficulty of the case, and (4) usual and customary fees for similar cases.
 
 Id.
 
 However, this Court has held that “failure to address the
 
 McKee
 
 factors is not necessarily a cause to reverse [an] award.”
 
 Mitchell v. Mitchell,
 
 823 So.2d 568, 573(¶ 23) (Miss.Ct.App.2002) (citing
 
 Wells v. Wells,
 
 800 So.2d 1239, 1246(¶ 18) (Miss.Ct.App.2001)).
 

 ¶ 8. Although the record affirmatively establishes that MeClanahan spent considerable time and resources on Rita’s case, we cannot find that the chancellor “manifestly” abused his considerable discretion when he awarded only a portion of the attorney’s fees Rita requested. Rita did not prevail with her separate maintenance claim. The chancellor only awarded a portion of the requested fees because he was of the opinion that it was equitable to do so. Under the precise circumstances of this case, we are not prepared to reverse a chancellor’s decision to award a portion of attorney’s fees when the requesting party did not prevail with the underlying claim. Accordingly, we find no merit to this issue.
 

 ¶ 9. In her brief, Rita states that “the trial court erred in not awarding [her] sufficient reasonable attorney[’s] fees to which she is entitled together with an award for attorney[’s] fees for having to appear before [this Court] and appeal the lower court’s ruling.” We interpret this portion of Rita’s brief as a request for attorney’s fees on appeal. Generally, this Court has awarded attorney’s fees on appeal “in the amount of one-half of what was awarded in the lower court.”
 
 Lauro v. Lauro,
 
 924 So.2d 584, 592(¶ 33) (Miss.Ct.App.2006). However, because Rita failed to sustain the burden of proof of her underlying claim at trial, and she appeals solely on the basis that the chancellor erred when he did not award all of the attorney’s fees that she requested, we decline to award additional attorney’s fees on appeal.
 

 ¶ 10. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The record indicates that William was thirty-six years older than Rita.
 

 [2]
 

 . On November 21, 2008, William died after Rita appealed. His estate has been substituted as the appellee.