LEE, P.J.,
dissenting:
¶ 16. With respect for the majority, I must dissent. The award of only ten percent of the total attorney’s fees to Jack Harang was patently unfair and should be reversed. While I acknowledge that Har-ang did not fulfill his end of the bargain with attorney Pat Barrett, Jr., Harang was the referring attorney and should be compensated for his services in procuring the case.
¶ 17. It must be kept in mind that Barrett had no contractual relationship with Brian and Gina Baker (the Bakers); *1290 thus, all actions taken by Barrett were pursuant to the agreement made between Harang and the Bakers. Barrett did not procure the clients, and he had no connection to this case other than the association by Harang. The correspondence between the attorneys stated that the work, costs, and fees were to be split equally. A division of fees between a referring attorney who himself has been retained on a contingency basis and the attorney who handles the case will rarely, if ever, be quantum meruit. The referring attorney might not do a significant amount of work on a case; yet, the referring attorney procured the case, and that action has value. Harang was included as an attorney of record throughout the litigation. Harang still assumed joint responsibility of the case, even though he did not participate in accordance with their agreement of taking on fifty percent of the work and expense.
¶ 18. The majority cites Sunnyland Contracting Co. v. Davis, 221 Miss. 744, 756, 75 So.2d 638, 639 (1954) for the proposition that courts are not bound to follow contingency-fee contracts with minors. The majority also cites to McKee v. McKee, 418 So.2d 764, 767 (Miss.1982), which provides a list of factors to use in determining the amount of attorney’s fees that should be awarded. I find that the majority’s reliance on Sunny land and McKee is misplaced. These cases, which hold that attorney’s fees should be determined in an equitable manner, only refer to the fees a client is to pay his or her attorney. Neither case gives any guidance as to the division of fees between a referring attorney and the attorney who actually sees the case to fruition. I agree with the opinion of Harang’s expert witness, Michael B. Martz. Martz concluded that since there was no consent from the Bakers authorizing Barrett to act on their behalf, except through the contract between the Bakers and Harang, the chancery court should have honored the agreement between the attorneys to split the fee.
¶ 19. It is a very common practice for attorneys to associate other attorneys to handle cases that they themselves may not be able to handle because they practice in another state, may not possess the necessary expertise, or for a variety of other reasons. When an attorney accepts a referral, he or she understands the basis on which they have accepted the case. As in any contingency-fee arrangement, sometimes the attorney is well rewarded and sometimes not so well. It is not out of the question that some associations or referrals are done on a handshake, with no written agreement.
¶ 20. In this case, Barrett would have never had the case had it not been for Harang. While Barrett may have advanced all of the costs contrary to the written agreement, he was reimbursed by the court for every cent he expended. I am reminded of the old adage, “little pigs get fat, hogs get slaughtered.”
¶ 21. Mississippi has become well known, if not infamous, for fee disputes among lawyers. See Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A., 804 So.2d 1000 (Miss.2001). Barrett has converted this case to quantum meruit because Harang did not do half the work or advance half the costs. When you take on an association such as this, you take the bitter with the sweet. Notwithstanding the communication between the attorneys which stated that the work, costs, and fees would be divided equally, it was not practical for Barrett to believe that the work would be divided fifty-fifty. Harang was out of state; thus, it was not practicable *1291 for him to do fifty percent of the work as he was not licensed in Mississippi. That is why he associated Barrett. In any law practice, a crucial factor to the business is bringing in cases. This is commonly known as “rainmaking.” A lawyer may have great legal abilities, but without any cases to work on, he or she would profit nothing. While a definite amount cannot be determined, it may very well be that fifty percent of the value of a case should be attributed to the rainmaker.
¶ 22. Barrett did not take this case on a quantum-meruit basis. He knew Harang could not perform fifty percent of the actual work because he was out of state. Therefore, because I find the division of fees between the two attorneys was unfair, I would reverse and remand this case back to the chancellor for reconsideration of the division of attorney’s fees.
KING, C.J., JOINS THIS OPINION IN PART.