ISHEE, J.,
for the Court:
¶ 1. This case involves a dispute over the amount of attorney’s fees awarded to the appellant, attorney Patricia A. Catchings, arising from the administration of the estate of Thelma M. McCullough (estate). Catchings contends the chancellor erred in determining the amount of reasonable attorney’s fees in the estate. Finding no error, we affirm the judgment of the Hinds County Chancery Court.
FACTS AND PROCEEDINGS BELOW
¶2. Thelma Morant McCullough was born November 28, 1911, and died intestate on November 19, 2003, in Hinds County, Mississippi. Geraldine Yates (Yates) filed a petition in the Chancery Court of Hinds County to open the estate and was appointed administratrix of the McCullough estate. A judgment determining heirs was entered on February 8, 2005, but the chancery court, after finding statutory issues regarding the declaration of heirs, entered a second order setting aside the judgment determining the heirs.
¶ 3. On May 4, 2006, the chancery court again heard the motion to determine heirs, *702 and the court entered an order and opinion to determine heirs on November 28, 2006. The aggrieved heirs filed a petition and an “Amended Petition Requesting Reconsideration of Prior Order, Determination and Adjudication of Heirship in Petitioners or Alternatively, Contesting the Constitutionality of Statute.” Thereafter, on January 5, 2009, an order denying the motion for reconsideration was entered, stating that the heirs were barred by the statute of limitations from claiming an interest in the McCullough estate.
¶ 4. On February 18, 2009, Catchings, who provided legal services for the estate, presented the chancery court with a motion to pay fees and expenses of the estate, to accept the accounting, and to close the estate. Catchings provided the chancery court with time sheets detailing the attorney’s fees incurred during the course of the administration of the estate in the amount of $88,550.
¶ 5. On April 3, 2009, the chancellor ordered that Catchings was entitled to $36,660 in reasonable attorney’s fees for her work on the estate. In her order, the chancellor noted that the estate was worth approximately $304,815.33 as of January 2009. The chancellor further ordered that Yates, as administratrix, was entitled to $11,000; and Tony Williams, who was caretaker for McCullough’s house and property, was entitled to $1,425 in fees. Aggrieved, Catchings now appeals.
DISCUSSION
¶ 6. Catchings alleges that the chancellor incorrectly applied the McKee factors in determining a reasonable amount of attorney’s fees with regard to her work on the estate. McKee v. McKee, 418 So.2d 764, 767 (Miss.1982).
¶ 7. A chancellor has broad discretion in awarding attorney’s fees. Faris v. Jemigan, 939 So.2d 835, 840 (¶ 14) (Miss.Ct.App.2006). “Unless the chancellor’s ruling was manifestly wrong, his decision regarding attorneys’ fees will not be disturbed on appeal.” Id. at 840-41 (¶ 14) (citing Ward v. Ward, 825 So.2d 713, 720 (¶ 28) (Miss.Ct.App.2002)).
¶ 8. After reviewing the chancellor’s order and applicable case law on the issue, we find that the factors used in the court’s analysis were proper, even though the chancellor may have cited to the wrong authority. The Mississippi Supreme Court has stated that in estate matters, the proper factors to consider in determining reasonable attorney’s fees are:
1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
3) The fee customarily charged in the locality for similar legal services;
4) The amount involved and the results obtained;
5) The time limitation imposed by the client or by the circumstances;
6) The nature and length of the professional relationship with the client;
7) The experience, reputation and ability of the lawyer or lawyers performing the services; and
8) Whether the fee is fixed or contingent.
In re Estate of Johnson v. Moore, 735 So.2d 231, 237 (¶27) (Miss.1999) (quoting Moreland v. Riley, 716 So.2d 1057, 1062 (¶ 16) (Miss.1998)).
¶ 9. In the present case, the chancellor’s analysis applied the same factors as above, but it incorrectly stated that the factors were taken from the McKee case. Catch *703 ings does not contend that McKee was cited improperly. Rather, Catchings argues that the chancellor did not apply the McKee factors correctly. However, we find that while the chancellor may have improperly cited to McKee as the applicable case law, the factors used in the chancellor’s analysis are identical to those set forth in In re Estate of Johnson, which is controlling. In re Estate of Johnson, 735 So.2d at 237 (¶ 27).
¶ 10. Further, because of the minimal amount of time expended and the simplistic nature of the estate, the chancellor was of the opinion that $250 an hour for approximately 354 hours (totaling to $88,550) in attorney’s fees was unreasonable. The chancellor concluded that, after examining Catchings’s time sheets and tasks completed on behalf of the estate, a total of $36,660 was a reasonable fee.
¶ 11. Although we are of the opinion that, in most circumstances, $250 an hour for estate matters is not an unreasonable fee, we are unable to find where the chancellor abused her discretion. As we have held numerous times before, unless the chancellor’s ruling regarding attorney’s fees is manifestly wrong, the ruling will not be disturbed on appeal. Ward, 825 So.2d at 720 (¶ 28). Accordingly, this issue is without merit, and we affirm the chancery court’s judgment.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.