LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Elizabeth McDevitt and Stanley Jarrell Smith were married on January 24, 2002, and separated on November 13, 2008. Shortly thereafter, Elizabeth filed a complaint for separate maintenance. Stanley filed a response and a cross-claim for divorce. Ultimately, Elizabeth and Stanley filed a consent for a divorce on the ground of irreconcilable differences. After a hearing, the chancellor granted an irreconcilable-differences divorce. The chancellor divided the parties’ assets and liabilities and denied Elizabeth’s request for alimony.
¶ 2. Elizabeth now appeals, asserting the chancellor erred by: (1) applying the incorrect date in determining the valuation of the assets; (2) denying her request for alimony; and (3) denying her request for attorney’s fees.
STANDARD OF REVIEW
¶ 3. We afford chancellors much discretion in our review of domestic-relations cases. Steiner v. Steiner, 788 So.2d 771, 777 (¶ 18) (Miss.2001). This Court will not disturb a chancellor’s findings unless they are manifestly wrong or clearly erroneous, or the chancellor applied an erroneous legal standard. Mizell v. Mizell, 708 So.2d 55, 59 (¶ 13) (Miss.1998).
DISCUSSION
I. DATE OF VALUATION OF ASSETS
¶4. In her first issue on appeal, Elizabeth contends the chancellor used the *1158 incorrect date in evaluating the couple’s assets and liabilities. Elizabeth argues the chancellor should have used June 2011, the month prior to trial, as the valuation date rather than November 2008, the date the couple separated. Elizabeth claims Stanley owes her the difference in valuation of the couple’s estate between the two dates.
¶ 5. The Mississippi Supreme Court has held that “the date of valuation is necessarily within the discretion of the chancellor.” Hensarling v. Hensarling, 824 So.2d 588, 591 (¶ 25) (Miss.2002) (citation omitted). In determining the valuation date, the chancellor noted the parties shared a joint checking account in which they each contributed $250 per pay period to pay for household expenses, but each had separate savings, investments, and retirement accounts. These separate accounts were accumulated through their individual funds. The chancellor found the evidence produced by both parties was insufficient to determine that the parties commingled their investment, savings, and retirement accounts after November 2008. The chancellor did use the value of the marital home from an appraisal completed in October 2010, but only did so because there was no other evidence of the home’s current value. We can find no error by the chancellor in using the date of the separation in valuing the parties’ assets. This issue is without merit.
II. ALIMONY
¶ 6. In her next issue on appeal, Elizabeth claims the chancellor should have awarded her alimony, both periodic and lump sum. In cases such as this, where alimony is denied, “we will interfere only where the decision is seen as so oppressive, unjust[,] or grossly inadequate as to evidence an abuse of discretion.” Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993). When considering a request for alimony, the chancellor must weigh the list of factors as set forth in Armstrong. Id. After an extensive analysis of the factors, the chancellor determined that although the factors weighed in favor of awarding alimony to Elizabeth, the equitable distribution of the marital assets and the size of Elizabeth’s nonmarital assets eliminated the need for alimony. The chancellor had also conducted extensive findings concerning the parties’ marital and nonmarital assets, finding that Elizabeth’s nonmarital assets were valued at approximately $609,000, while Stanley’s nonmarital assets were valued at approximately $57,000. Elizabeth and Stanley had each been awarded approximately $250,000 in marital assets.
¶ 7. Elizabeth is correct that her income is less than Stanley’s due to her health problems. Both parties worked for the U.S. Army Engineer Research and Development Center in Warren County, Mississippi. At the time of trial in July 2011, Stanley’s adjusted gross monthly income was $7,788. Up until early 2009, Elizabeth worked full-time, and her yearly salary was approximately $82,000. Due to health problems, Elizabeth decided to work part-time. At the time of trial, her adjusted gross monthly income was approximately $2,939. However, the chancellor noted the evidence reflected that Elizabeth’s health problems were not totally disabling, she admitted her condition was improving, and she expected to return to full-time work.
¶ 8. Although Stanley’s income exceeded Elizabeth’s, the chancellor ultimately determined Elizabeth’s sizeable nonmarital estate eliminated the need for alimony. We can find no abuse of discretion by the chancellor in ruling so. This issue is without merit.
III. ATTORNEY’S FEES
¶ 9. In her final issue on appeal, Elizabeth contends the chancellor should have awarded her attorney’s fees. Chan *1159 cellors are to apply the factors set forth in McKee v. McKee, 418 So.2d 764, 767 (Miss. 1982), in granting or denying attorney’s fees. An award of attorney’s fees is a matter largely within the sound discretion of the chancellor. Smith v. Smith, 614 So.2d 394, 398 (Miss.1993). This Court is “reluctant to disturb a chancellor’s discretionary determination [of] whether or not to award attorney’s fees....” Id. (citation omitted). Elizabeth argues she cannot pay her expenses of approximately $24,965 due to her health and part-time employment. However, the chancellor noted the size of the parties’ nonmarital and marital assets in declining to award attorney’s fees to either party. We cannot find any abuse of discretion by the chancellor. This issue is without merit.
¶10. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. JAMES, J., NOT PARTICIPATING.